FILED
SUPERIOR COURT
OF GUAM

2022 AUG 12 PM 5:46

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0253-22** |
| | GPD Report No. 22-10657 |
| v. | |
| | **DECISION AND ORDER** |
| **TONY MARIO ALIG,** | **FINDING DEFENDANT COMPETENT** |
| DOB: 07/26/1987 | **TO STAND TRIAL AND REJECTING** |
| | **PLEA OF NOT GUILTY BY REASON** |
| Defendant. | **OF MENTAL ILLNESS, DISEASE,** |
| | **OR DEFECT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 23, 2022 for a Competency Hearing. Assistant Attorney General Dannis Le represents the People, and Alternate Public Defender Peter Santos represents Tony Mario Alig ("Defendant"). Having duly considered the Defendant's Forensic Evaluation, Dr. Rapadas's testimony, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty by Reason of Mental Illness, Disease, or Defect.**

## BACKGROUND

On April 29, 2022, Defendant was indicted on two charges of Theft (as a 2nd Degree Felony). See Indictment (Apr. 29, 2022). Defendant allegedly stole both a pick-up truck and a portable generator from Tristar Terminal Guam Inc. Id.

On May 20, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. See Minute Entry (May. 20, 2022). Pursuant to 9 G.C.A. §7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of
Mental Illness, Disease, or Defect
CF0253-22, *People of Guam v. Tony Mario Alig*
Page 1 of 4

undergo a forensic evaluation with a qualified psychologist. See Order for Forensic Evaluation (May 23, 2022).

On June 13, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at the Client Services Family Counseling Division of the Superior Court of Guam. See Forensic Evaluation at 2 (Jun. 16, 2022).

The Court held a hearing on June 23, 2022 to determine Defendant's competency to stand trial and to review his plea. After hearing Dr. Rapadas's testimony and the parties' arguments, the Court took the matter under advisement. See Minute Entry (Jun. 23, 2022).

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)-(4).

Defendant appeared grounded to reality throughout the ninety-minute forensic evaluation, and he was oriented to person, place, time, and object. See Forensic Evaluation at 4 (Jun. 16, 2022). Defendant displayed "good" attention/concentration, and was able to generally understand all questions that were asked of him. Id. at 4-5. Defendant spoke clearly and displayed appropriate emotion and thought organization. Id. at 5. Defendant also displayed reliable short and long-term memory. Id. at 2-4. Defendant was able to accurately describe his home life, family relationships, education, work history, and details of the day leading up to his arrest. Id at 2-4.

However, it is noteworthy that Defendant is a diagnosed Schizophrenic with a history of hearing voices. Id. at 3. Defendant was prescribed Seoquel and Zyprexa which he claims helps. Id. at 3. However, Defendant voluntarily stopped taking these medications several years ago. Id. at 4. Defendant does not believe he needs medications, even though he continues to reportedly hear voices. Id. at 3-4. Defendant has been previously observed speaking delusional things out loud to

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0253-22, *People of Guam v. Tony Mario Alig*
Page 2 of 4

himself, and he did voice some delusional and bizarre content during his forensic evaluation. Id. at 3-5.

Defendant underwent a mini-mental status examination ("MMSE"), which is a brief test used to gage the Defendant's current orientation, object registration, attention, language recognition skills, and ability to recall. Id. at 5. Defendant scored a 21/30 on the MMSE, which indicates either limited cognitive functioning, dementia, or both. Id. at 5. Defendant previously underwent a Test of Non-Verbal Intelligence, 4th Edition ("TONI-4"), which is used to measure general cognitive abilities. Id. at 6. Defendant only scored in the 21st percentile, "which is not too bad", but does land him in the below average intellectual range. Id. at 6.

Defendant's understanding of criminal proceedings also appears fair. Defendant is aware of a stay-away order he has with his ex-wife, and has shown himself capable of following the court's orders. Id. at 2. Defendant also knew the difference between felony and misdemeanor charges, despite not knowing several basic facts about his case such as the name of his judge. Id. at 7. Defendant appears eager to fight the charges. Id. at 7.

Still, Dr. Rapadas is concerned that Defendant's Schizophrenia may impact Defendant's ability to consult with his attorney and contribute towards building a defense. Id. at 7-8. Defendant's mental state has apparently deteriorated after he stopped taking his medicine, and this might seriously impact his ability to consult with a lawyer. Id. at 8.

However, self-induced "intoxication is not a defense to a criminal charge." 9 G.C.A. § 7.58(b). While Dr. Rapadas believes Defendant's current mental disease/defect meets the standard to avoid criminal responsibility, this mental disease or defect was due to Defendant's voluntary withdrawal from his prescribed Schizophrenia medication. Defendant admitted that his prescribed medicine helps him, but that he voluntarily stopped taking it nonetheless. See Forensic Evaluation at 3-4 (Jun. 16, 2022). This coincides with increased mental impairment that Defendant displayed over the next several months following his withdrawal. Id. at 8. While the Court sympathizes with

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0253-22, *People of Guam v. Tony Mario Alig*
Page 3 of 4

Defendant's currently untreated Schizophrenia, Defendant has all the resources necessary to treat this disease and regain his sense of rational understanding. Any mental disease or defect Defendant currently exemplifies is due to his voluntary withdrawal from prescribed medicine. Thus, the Court rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.

<u>CONCLUSION</u>

For the reasons stated above, the Court **finds Defendant competent to stand trial and rejects Defendant's plea of Not Guilty By Reason of Mental Illness, Disease, or Defect.** An adjudication of Not Guilty will not be entered, and criminal proceedings will continue as originally scheduled.

**IT IS SO ORDERED** this ___August 12, 2022___.

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Finding Defendant Competent to Stand Trial and Rejecting Plea of Not Guilty By Reason of Mental Illness, Disease, or Defect
CF0253-22, *People of Guam v. Tony Mario Alig*
Page 4 of 4